UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| TERRA BELLA IRRIGATION DISTRICT, a California special district; SAUCELITO IRRIGATION DISTRICT, a California special district; and PORTERVILLE IRRIGATION DISTRICT, a California special district,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEB HAALAND, Secretary of the U.S. Department of the Interior, in her official capacity; CARL STOCK, Regional Director Region 10, United States Bureau of Reclamation; FRIANT WATER AUTHORITY, a California joint powers authority; JASON PHILLIPS, Chief Executive Officer, Friant Water Authority, a California joint powers authority; JASON PHILLIPS, Chief Executive Officer, Friant Water Authority; and DOE 1,<br><br>    Defendants. | Case No. 1:25-cv-00112-JLT-EPG<br><br>STIPULATION TO STAY CASE PENDING PERFORMANCE OF SETTLEMENT AGREEMENT; ORDER<br><br>(ECF No. 43) |

On April 15, 2026, the parties filed a joint stipulation to stay this case pending performance of a settlement agreement. (ECF No. 43). The stipulation provides the following:

WHEREAS, Defendant Friant Water Authority ("FWA") is a joint powers authority formed under the California Joint Exercise of Powers Act, California Government Code sections 6500 et seq. At the times alleged in Plaintiffs' operative complaint in this case, Defendant Jason Phillips was FWA's Chief Executive Officer.

WHEREAS, Plaintiffs in this case are three of FWA's member agencies.

WHEREAS, this case involves challenges to FWA's approval of a cost-recovery methodology (the "Methodology") for certain "Operation, Maintenance and Replacement"

1

costs for the Friant-Kern Canal Middle Reach Capacity Correction Project, for which FWA is the "Operating Non-Federal Entity" under various agreements with the United States Bureau of Reclamation.

WHEREAS, on or about March 27, 2026, Plaintiffs and the FWA Defendants entered into a "Settlement Agreement" relating to this case, as well as other litigation between those parties that concerned Methodology. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.

WHEREAS, under the Settlement Agreement, the Methodology adopted by FWA has been withdrawn, and a new cost-recovery methodology is to be presented for consideration and approval by FWA in or before December of 2026, per the terms of the Settlement Agreement.

WHEREAS, in light of that timing, Plaintiffs and the Friant Defendants request that this matter be stayed in its entirety as set forth below.

(ECF No. 43).

Based on the Stipulation, the Court hereby ORDERS as follows:

1. This matter is stayed in its entirety until the earlier of (a) the filing of a stipulation for voluntary dismissal of the case signed by all parties hereto, or (b) January 31, 2027; and

2. In the event no stipulation for voluntary dismissal is filed before January 31, 2027, the stay may be lifted.

IT IS SO ORDERED.

Dated:   **April 16, 2026**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE